| UNITED STATES BANKRUPTCY COURT | HEARING DATE: November 3, 2011 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 10:00 a.m. |

-----------------------------------------------------------x

In re

EZRIEL AND ETHEL SCHWARTZ,

         Debtor.

-----------------------------------------------------------x

Case No. 10-24257 (RDD)

Chapter 11

NOTICE OF MOTION

  PLEASE TAKE NOTICE that upon the annexed application and declaration, Tracy Hope Davis, the United States Trustee for Region 2, will move before the Honorable Robert D. Drain, Bankruptcy Judge, in the United States Bankruptcy Court, 300 Quarropas Street, 1st Floor, White Plains, New York 10601 on **November 3, 2011 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for the entry of an order converting this chapter 11 case to chapter 7, or, dismissing this chapter 11 case and for such other and further relief as this Court may deem just and proper. The original application and memorandum of law are on file with the Clerk of the Bankruptcy Court.

  PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, to the attention of Susan D. Golden, Esq., no later than three (3) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
    July 26, 2011

                  TRACY HOPE DAVIS
                  UNITED STATES TRUSTEE

          By: /s/ Susan D. Golden
             Susan D. Golden
             33 Whitehall Street
             21st Floor
             New York, New York 10004-2112
             212-510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
: Case No. 10-24257 (RDD)
In re :
 :
EZRIEL AND ETHEL SCHWARTZ., : Chapter 11
 :
Debtor. :
 :
----------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES
IN SUPPORT OF MOTION FOR AN ORDER
TO CONVERT THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE
OR, ALTERNATIVELY, TO DISMISS THIS CHAPTER 11 CASE**

TO: THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (a)(5), does hereby move this Court for an order converting this chapter 11 case to chapter 7, or dismissing this chapter 11 case under 11 U.S.C. § 1112(b). In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

The debtors are a married couple whose primary assets are their interests in five real properties located in various cities in New York State, each of which is encumbered with numerous mortgages. The debtors are also in arrears on each of the mortgages. The debtors' bankruptcy schedules reflect that they owe money to both New York State and Federal taxing authorities. In addition, the debtors did not list their luxury 2008 Lexus automobile in their bankruptcy schedules. Finally, the debtors have failed to file any monthly operating reports or

2

pay any statutory fees due to the United States Trustee. Accordingly, the United States Trustee moves to convert this chapter 11 case to chapter 7 or, in the alternative, to dismiss this case.

**Facts**

**General Background**

1. Ezriel and Ethel Schwartz (the "Debtors") commenced this case by filing a joint voluntary Chapter 11 petition ("Petition") under title 11, United States Code (the "Bankruptcy Code") on October 29, 2010. See Docket and Petition, attached as Exhibits 1 and 2 respectively to the Declaration of Susan D. Golden (the "Golden Decl.").

2. No committee of unsecured creditors has been appointed in this case.

3. The 341(a) meeting of creditors was held on December 8, 2010. See Docket.

4. The Debtors are both employed by Blue Star Design Studio, a graphic design company. See Schedule I. Mr. Schwartz is the President and Graphic Designer for the company, and Mrs. Schwartz is the Secretary. Id.

5. The Debtors represent that they have an interest in five properties located at: (1) 208 Bates Dr. Monsey, New York, (2) 8 Kahan Drive #311, Monroe, New York, (3) 621D Scribner Hallow Rd. #D3, Hunter, New York, (4) 204 Skillman St., Brooklyn, New York, and (5) 1678 Platt Clove, Hunter, New York (collectively, the "Properties"). See Bankruptcy Schedule A. The Properties appear to be the Debtors' primary assets.

6. As set forth in the chart below, each of the Properties is encumbered by at least one mortgage, and the Debtors testified at their 341(a) Meeting that they are in arrears on all of

the mortgages.  See Declaration of Serene Nakano ("Nakano Decl.") at ¶ 2; see also Schedule D.
Additionally, the Property located at 1678 Platt Clove, Hunter, New York (the "Hunter Property")
is not insured.  See Nakano Decl. at ¶ 2.

| Properties | 1st Mortgage | 2nd Mortgage | 3rd Mortgage | Debtors Valuation of the Property[1] |
|---|---|---|---|---|
| 208 Bates Dr. Monsey, NY | $450,000 - Everhome Mortgage Company | | | $250,000.00 |
| 8 Kahan Drive #311, Monroe, NY | $200,000 - Wells Fargo Home Mortgage | $60,000 - Wells Fargo Home Mortgage | | $75,000.00 |
| 621D Scribner Hallow Rd. #D3, Hunter, NY | $1,779 - Scribner Hallow Homeowners Association | $220,000 - Wells Fargo Home Mortgage | $62,000 - Wells Fargo Home Mortgage | $80,000.00 |
| 204 Skillman St., Brooklyn, NY | $280,000 - Chase | $750,000 - HSBC Mortgage Corp USA | $520,000 - Wachovia Bank | $350,000.00 |
| 1678 Platt Clove, Hunter, NY | $60,000 - Schlesinger Fishel | | | $40,000.00 |

7.    The Debtors' Schedule B reflects minimal assets, such as clothing and books.  See
Schedule B.  The case docket, however, shows that a motion for relief from stay by Toyota Motor
Credit Corp. ("Toyota") was filed on May 4, 2011 in connection with a 2008 Lexus LX 570
automobile, which is not listed on the Debtor's schedules.  Id.; see also Schedule D and Docket at
ECF Doc. No. 16.  The docket further reflects that the Debtors and Toyota have settled the
dispute.  See Letter filed by Toyota on June 16, 2011, ECF Doc. No. 27.

---

[1]The Debtors have not addressed how they valued the Properties nor have they provided an appraisal to the U.S. Trustee.

8. The Debtors have scheduled unsecured debt totaling $534,000. See Schedule F. Included are taxes owed to the IRS totaling $56,000 and taxes owed to New York State in the amount of $26,000. Id.

9. The Debtors have scheduled a total average gross monthly income of approximately $12,000. See Schedule I. Included in this amount is $5,000 a month in income from the Property located at 204 Skillman St., Brooklyn. Id. However, the Debtors' statement of financial affairs ("SOFA"), states that from the years 2005-2009, the Debtors have filed tax returns reporting no gross income. See SOFA Question 1, ECF Doc. No. 16. Attached as Exhibit 3 to the Golden Decl. is the SOFA.

10. Schedule J reflects that the Debtors have a monthly net income of ($2,563). See Schedule J.

**Administrative Obligations**

11. The Debtors have not filed any monthly operating reports during the pendency of this case. See Docket; see also Golden Decl. at ¶ 4.

12. The Debtors have not paid United States Trustee quarterly fees pursuant to 28 U.S.C. § 1930(a)(6), together with any applicable interest pursuant to 31 U.S.C. § 3717, during the pendency of this case. See Golden Decl. at ¶ 5 and Quarterly Fee Account Reconciliation, Exhibit 4 to the Golden Decl. The Debtor owes an estimated $1,300, plus interest, in quarterly fees through the second quarter of 2011. Id.

## ARGUMENT

### I. General Standards

Section 1112(b) of the Bankruptcy Code governs the conversion or dismissal of a Chapter 11 case and grants bankruptcy courts the power to promptly administer chapter 11 cases on their docket. See In re Strawbridge, No. 09-17208 (MG) 2010 WL 779267, at *1 (Bankr. S.D.N.Y. March 5, 2010); In re Squires Motel, LLC, 416 B.R. 45 (Bankr. N.D.N.Y. 2009). It provides that on the request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it], whichever is in the best interest of creditors and the estate, if the movant establishes cause." 11 U.S.C. §1112(b)(1) (emphasis added); see also In re Scott Cable Communications, Inc., 407 B.R. 8, 15 (Bankr. D. Conn. 2009) ("Once cause for relief is shown, the Court has broad discretion to either convert or dismiss the Chapter 11 case.").

While the term "cause" is not defined by the statute, Section 1112(b)(4) of the Bankruptcy Code provides several non-exclusive examples, any one of which may constitute "cause," for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case in its entirety. See In re Ameribuild Const. Management, Inc., 399 B.R. 129, 132 (Bankr. S.D.N.Y. 2009). While the burden of showing cause rests with the moving party, In re Loco Realty Corp., No. 09-11785(AJG), 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in Section 1112(b) or by showing other cause. See 11 U.S.C. §1112(b)(4); In re State St. Assocs., L.P., 348 B.R. 627, 638 (Bankr. N.D.N.Y. 2006) (while the list of examples of "cause" has changed in the 2005 amendment, the fact that they are illustrative, not

exhaustive, has not); see also In re Strawbridge, No. 09-17208 (MG), 2010 WL 779267 at *3 (Bankr. S.D.N.Y. March 5, 2010); In re Loco Realty, No. 09-11785 (AJG), 2009 WL 2883050 at *2; In re Ameribuild Constr. Mgmt., 399 B.R. at 131.

## II. There is Cause to Convert or Dismiss This Case

### A. Diminution of the Debtors' Estate and Absence of a Reasonable Likelihood of Rehabilitation

Cause exists to dismiss this case pursuant to Section 1112(b)(4)(A) because there has been a diminution of the estate since the Petition Date and there appears to be no reasonable likelihood of rehabilitation for these Debtors. In re Pinnacle Laboratories, Inc., 2008 WL 5157981, at *3 (Bankr. D.N.M. June 19, 2008); In re Gateway Access Solutions, Inc., 374 B.R. 556, 562 - 563 (M.D. Pa. 2007); In re William Steiner, Inc., 139 B.R. 356, 358 (Bankr. D. Md. 1992).

The Debtors' schedules reflect a negative monthly income. In addition, all of the Debtors' mortgages are in arrears and the mortgages are under secured. If the case were to remain in Chapter 11, the Debtors would merely continue to incur administrative costs and post-petition arrears, resulting in the diminution of their estate. Thus, the Debtors do not appear to be in a position to rehabilitate their financial affairs and reorganize. In re Rey, 2006 WL 2457435, at * 6 (Bankr. N.D.Ill. Aug. 21, 2006). Accordingly cause exists to convert or dismiss this case pursuant to Section 1112(b)(4)(A).

**B.     Failure to Provide Proof of Insurance On The Hunter Property**

As of the date hereof, the Debtors have not provided the United States Trustee with proof that they have any insurance covering the Hunter Property. See Nakano Decl. at ¶ 2. Such a failure also constitutes cause to convert or dismiss this case. See 11 U.S.C. § 1112(b)(4)(C).

**C.     Failure to File Required Documents**

Cause also exists to convert or dismiss this case because the Debtors have an "unexcused failure to satisfy timely any filing or reporting requirement" pursuant to Section 1112(b)(4)(F), namely, the filing of their monthly operating reports.

Neither the Debtors' creditors nor the Court has received information from the Debtors as to its financial condition. The Debtors' failure to fulfill their fiduciary obligations denies all parties in interest, including creditors, the Court, and the United States Trustee, access to important financial information regarding the Debtors' financial affairs. This lack of information cannot be underestimated, as "timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of Chapter 11 proceeding); In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal); In re Cohoes Indus. Terminal, Inc., 65 B.R. 918 (Bankr. S.D.N.Y. 1986) (debtor's failure to file proper schedules of assets and liabilities and accurate monthly operating reports, inter alia, constituted sufficient cause for conversion under Section 1112(b)). Accordingly, cause exists to convert or dismiss this case pursuant to Section 1112(b)(4)(F).

**D.      Failure to Pay United States Trustee Quarterly Fees**

Section 1112(b)(4)(K) mandates conversion or dismissal of a chapter 11 bankruptcy case where a debtor has failed to pay fees required under chapter 123 of title 28. Section 1930(a)(6) of title 28 (a part of chapter 123 of title 28) requires chapter 11 debtors to pay quarterly fees to the Office of the United States Trustee. 28 U.S.C. § 1930(a)(6). Because the Debtors are delinquent in the filing of their monthly operating reports, the United States Trustee cannot properly calculate the quarterly fees due from the Petition Date through the present. The Debtors currently owe an estimated $1300 in United States Trustee quarterly fees. See Exhibit 3 to the Golden Decl. Accordingly, the Debtors' failure to pay United States Trustee quarterly fees provides cause to dismiss or convert a case pursuant to Section 1112(b)(4)(K) (failure to pay any fees or charges required under chapter 123 of title 28); Tornheim, 181 B.R. at 164.

Finally, Section 1112 requires the Court, "absent unusual circumstances specifically identified by the court," to dismiss a case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1). The United States Trustee is not aware of any unusual circumstances justifying the denial of her motion.[2]

## CONCLUSION

The United States Trustee recommends that this case be converted to one under Chapter 7 because the Debtors have assets that a Chapter 7 trustee can administer.

---

[2] The bankruptcy court must also commence the hearing on the motion not later than 30 days after the filing thereof, and decide the motion not later than 15 days after the commencement of the hearing, unless the United States Trustee consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting these time limits. 11 U.S.C. § 1112(b)(3). To the extent over 30 days elapse between the time the motion is filed and the date the court may first hear it, the United States Trustee hereby consents to a continuance under section 1112(b)(3).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order, converting the case to chapter 7, or, alternatively, dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b) and granting such other and further relief as maybe deemed just and proper.

Dated: New York, New York
July 26, 2011

                                              Respectfully submitted,

                                              TRACY HOPE DAVIS
                                              UNITED STATES TRUSTEE

                                  By     /s/ Susan D. Golden

                                              Susan D. Golden
                                              Trial Attorney
                                                  33 Whitehall Street, 21st Floor
                                                  New York, New York 10004-2112
                                                  Tel. No. (212) 510-0500